UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAWN MARIE PORCO,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　Case No. 2:21-cv-32-JLB-NPM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Before the court is an unopposed petition for EAJA fees (Doc. 25). This report recommends the petition be granted in part.

On October 18, 2021, the Commissioner sought remand. (Doc. 21). The court granted the motion, reversed the decision of the Commissioner, and remanded the case. (Doc. 22). Final judgment was entered the next day. (Doc. 23). Consequently, plaintiff Dawn Marie Porco requests an award of $8,352 for attorney's fees, $24 for paralegal fees, $402 for costs, and $22.35 for expenses of service. (Doc. 25, p. 1).

To receive an award of fees and costs under EAJA, the following five conditions must be established: (1) plaintiff must file a timely application for attorney's fees; (2) plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must

not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Upon consideration and with no opposition by the Commissioner on eligibility grounds, all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is a reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992). Upon review of the services provided, the request for 38.4 hours of attorney time is not reasonable. (Doc. 25, p. 3; Doc. 25-1, pp. 12-14).

Notably, the Commissioner voluntarily remanded this action before any briefing was submitted to the court. And yet, in a similar action litigated by the same plaintiff firm, the court recently found 38 hours of attorney time reasonable when the matter was fully briefed, the parties litigated objections to the magistrate judge's report and recommendation, and the plaintiff prepared and filed a fee-and-cost motion pursuant to EAJA. *See Tumlin v. Comm'r of Soc. Sec.*, No. 2:19-cv-457-JLB-NPM, 2021 WL 4261216 (M.D. Fla. Sept. 20, 2021). As in *Tumlin*, the time spent modifying the boilerplate EAJA petition for use in this matter should be reduced from 2.3 hours to 1 hour. And there's no apparent reason why the time devoted to preparing a preliminary and unfinished brief should not exceed the 29 hours allowed

2

in *Tumlin* toward the filing of a final brief, which yields a reduction of 4.2 hours here.[1] *Tumlin*, 2021 WL 4261216 at *1-2. Moreover, the filing of the boilerplate responses to the Commissioner's stay motions should be reduced from .5 to .2 each, resulting in another .6 reduction. So, at most, a reasonable amount of attorney time for what transpired here is only 32.3 hours.

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the court determines an increase in the cost of living, or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Thus, determination of the appropriate hourly rate is a two-step process. The court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Porco requests an hourly rate of $217.50, which is unchallenged by the Commissioner. (Doc. 25-1, pp. 12-14). The requested hourly rate is reasonable. Thus, based on the reasonable amount of

---

[1] Consistent with plaintiff counsel's frequent use of templates and boilerplate devices, the schedule of hours submitted here are strikingly similar to those submitted in *Tumlin*. Compare Doc. 25-1, pp. 12-13, in this action to Doc. 38-1, pp. 12-13, in *Tumlin*.

attorney time and reasonable hourly rate, the court should award $7,025.25 in attorneys' fees.

As for an award of paralegal fees, according to the time records, the paralegal spent .4 hours at $60.00 per hour electronically filing responses to two motions to stay. (Doc. 25-1, pp. 12, 14). "Awarding fees for this time is unwarranted because electronically filing a document is a clerical task subsumed in an attorney's fee." *Langer on Behalf of Langer v. Comm'r of Soc. Sec.*, No. 8:19-cv-1273-T-24PDB, 2020 WL 7210026, *4 (M.D. Fla. Nov. 20, 2020), report and recommendation adopted, No. 8:19-cv-273-T-24PDB, 2020 WL 7138571 (M.D. Fla. Dec. 7, 2020) *see also McCord v. Comm'r of Soc. Sec.*, No. 2:19-cv-318-JLB-NPM, 2021 WL 5494389 (M.D. Fla. Nov. 23, 2021) (adopting R&R that rejected the same paralegal fee requested by the same firm). Thus, the court should not award any paralegal fees.

Porco also requests $402 in taxable costs for the filing fee and $22.35 for service-of-process expenses. (Doc. 25, p. 1; Doc. 25-1, pp. 13-14). Pursuant to 28 U.S.C. § 2412 and as enumerated in 28 U.S.C. § 1920, an award of filing fee costs to the prevailing party is permitted. Therefore, the court should award $402 in costs. Porco also requests $22.35 in expenses for serving the Commissioner by certified mail. (Doc. 25-1, p. 14). These expenses appear reasonable and within the discretion of the court to award and are therefore recommended as well. *See Volk v. Astrue*, No. 3:11-cv-533-J-TEM, 2012 WL 5387967, *1 (M.D. Fla. Nov. 2, 2012) (finding

4

the costs of mailing to file the complaint and for service of summons reasonable and awardable).

Porco filed a fully executed "Attorney Fee Contract for Social Security Benefits/SSI Fee Agreement – Federal Court" (Doc. 25-2). The agreement provides: "[Plaintiff] hereby assign[s] any court awarded EAJA attorney fees and costs, for federal court work only, to my attorney." (*Id.*). Thus, the fee-and-cost award should be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by Porco.

Accordingly, it is recommended that the court **GRANT IN PART** the unopposed petition for EAJA fees (Doc. 25) and direct the clerk to amend the judgment to include an award to Porco of $7,449.60 for fees, costs, and expenses. This award should be paid directly to plaintiff counsel if the United States Department of Treasury determines that no federal debt is owed by Porco.

Reported in Fort Myers, Florida, on January 25, 2022.

*/s/ Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**