UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAWN MARIE PORCO,

    Plaintiff,

v.                                           Case No: 2:21-cv-32-JLB-NPM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## ORDER

On January 25, 2022, the Magistrate Judge entered a Report and Recommendation in this case, recommending that Plaintiff's Unopposed Petition for EAJA Fees Pursuant to 28 U.S.C. 2412(d) (Doc. 25) be granted in part. (Doc. 26.) Specifically, the Magistrate Judge found that the requested 38.4 hours of attorney time is not reasonable and that, "at most, a reasonable amount of attorney time for what transpired here is only 32.3 hours." (Id. at 2–3.) Plaintiff filed an objection, raising two arguments: (1) absent opposition from the Commissioner of Social Security, the Magistrate Judge erred in sua sponte reducing the fees requested; and (2) the transcript in this case was longer than in the case relied upon by the Magistrate Judge in finding 38.4 hours not reasonable. (Doc. 27 at 1–2.) After an independent review of the record, the Court **OVERRULES** Plaintiff's objections, and **ADOPTS** the Report and Recommendation.[1]

---

[1] A district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1)(C). The factual findings in the report and recommendation need not be reviewed de novo in the absence of an objection, but

First, the Magistrate Judge did not err in sua sponte recommending that the requested attorney time be reduced.  (Doc. 26 at 2–4.)  Indeed, the cases upon which Plaintiff relies are distinguishable,[2] and courts in this circuit have reduced requested attorney time as excessive or unreasonable without an objection.  See, e.g., Louis v. Nelson, 646 F. Supp. 1300, 1315 (S.D. Fla. 1986); see also Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) ("[W]here the time or fees claimed seem expanded or there is a lack of documentation or testimonial support the court may make the award on its own experience." (citation omitted)).

Second, Plaintiff's attempt to distinguish the case cited by the Magistrate Judge in finding 38.4 hours not reasonable is unavailing.  See Tumlin v. Comm'r of Soc. Sec., No. 2:19-cv-457-JLB-NPM, 2021 WL 4261216 (M.D. Fla. Sept. 20, 2021).  As noted by the Magistrate Judge, that case involved the same counsel, the appeal of the Commissioner's decision was fully briefed, and the parties litigated objections to the report and recommendation.  (Doc. 26 at 2–3.)  By contrast, here, the

---

legal conclusions are always reviewed de novo.  Id.; Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

[2] The first case Plaintiff cites is from the Third Circuit, which does not allow a court to "reduce counsel fees sua sponte as excessive, redundant, or otherwise unnecessary in the absence of a sufficiently specific objection to the amount of fees requested."  United States v. Eleven Vehicles, Their Equip. & Accessories, 200 F.3d 203, 211 (3d Cir. 2000) (quotation omitted).  The court in the second case relied on Eleven Vehicles in finding the Commissioner's objection insufficient.  See Yang v. Astrue, No. CV-05-1456-PHX (LOA), 2008 U.S. Dist. LEXIS 132086, at *14 (D. Ariz. Dec. 4, 2008).  Neither case is persuasive here.

Commissioner moved to remand the action before briefing was submitted to the Court, and there was no objection to a report and recommendation.   (Docs. 21, 22.) Plaintiff does not explain with any specificity how a longer transcript supports her requested amount of attorney time, or how it relates to the Magistrate Judge's various reductions, including the responses to the Commissioner's motions to stay. (Docs. 12, 15; Doc. 26 at 3; Doc. 27 at 2.)   In all events, notwithstanding any differences between <u>Tumlin</u> and this case, the Magistrate Judge's determinations were supported by the record and, upon careful review, correct.

Accordingly, it is **ORDERED**:

1. Plaintiff's Objections (Doc. 27) are **OVERRULED**, and the Report and Recommendation (Doc. 26) is **ADOPTED**.

2. Plaintiff's Unopposed Petition for EAJA Fees Pursuant to 28 U.S.C. 2412(d) (Doc. 25) is **GRANTED in part**.

3. Plaintiff is awarded $7,449.60 in attorney's fees, costs, and expenses.

4. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government is **DIRECTED** to pay these amounts directly to Plaintiff's counsel.

5. The Clerk is **DIRECTED** to enter judgment accordingly.

**ORDERED** at Fort Myers, Florida, on February 9, 2022.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE